# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT COURT OF CONNECTICUT

| | |
|---|---|
| **GEORGE W. BENEDETTI** | |
| **Plaintiff,** | **CIVIL ACTION NO.** |
| VS. | |
| **UNIVERSITY OF CONNECTICUT,** | |
| **and** | **JURY TRIAL DEMANDED** |
| **CENTER FOR SCIENCE AND TECHNOLOGY COMMERCIALIZATION.** | |
| **Defendants** | **ECF CASE** |

George W. Benedetti ("Plaintiff") by his attorney, files this Complaint against Defendant University of Connecticut ("UCONN"), and Defendant Center for Science and Technology Commercialization, an agency of UCONN ("Center").

**NATURE OF THE ACTION**

1.  The Defendant UCONN and Defendant Center (herein after, "Defendants" refers to the Defendants individually, or collectively), caused Plaintiff to lose his Federal Rights in U.S. Patent Number 6,053,207 )"'207 Patent") which had been duly issued to the Plaintiff on April 25, 2000.

2.  Breach of Contract under Connecticut Law under the doctrine of pendant and supplemental jurisdiction and under 28 U.S.C. § 1367.

**PARTIES**

3.  Plaintiff is an individual residing in Connecticut at 260 Wooding Hill Road, Bethany, CT 06524.

4.  On information and belief, both of the Defendants maintain a business office at 263 Farmington Avenue, Farmington, CT 06030-6400

**JURISDICTION AND VENUE**

5.  The negotiations and execution of the Contract between the Plaintiff and the Defendants were conducted in the State of Connecticut.

6.  The actions by the Defendants causing the Plaintiff to lose his Federal Rights in the '207 Patent occurred in Connecticut.

7.  Plaintiff lost his Federal Rights in a valid and enforceable '207 Patent due to a breach of Contract by the Defendants.

**BACKGROUND INFORMATION**

8.  Plaintiff is the inventor and owner of the '207 Patent which covers a novel approach for identifying valve covers such as manhole covers. The patent claims define the invention. The '207 Patent is extremely important for emergencies in which it is necessary to quickly identify a the correct manhole cover to turn off services such as gas being supplied to a burning building. If the gas is not turn off quickly, the fire can become much worst, and endanger people and property.

-2-

9.      Plaintiff met with a duly authorized representative of the Defendant Center (which is an agency of the Defendant UCONN) to enter into a contract ("Contract") titled as an "ASSIGNMENT" to enable the Defendant UCONN to endeavor to secure research funds to develop the inventions covered by the '207 Patent, and to enable the Defendant UCONN to license and commercialize the '207 Patent to benefit both Plaintiff and Defendant UCONN. See Ex. A for a copy of the Contract titled "ASSIGNMENT".

10.     The title, "ASSIGNMENT", is misdescriptive because the document was a conditional assignment of the '207 Patent with critical conditions subsequent to be performed by Defendants. Failure of Defendants to fulfill one or both conditions subsequent, would have provided Plaintiff a basis for terminating the Contract to have all Federal Rights in the '207 Patent returned to him.

11.     The Contract was executed on August 15, 2007, and required the Defendant UCONN to pay the second maintenance fee of the '207 Patent "due before October 25, 2007" (at the fourth full paragraph of the Contract). Thus, a timely payment of the second maintenance fee according to the Contract prepared by Defendants was less than about two months from the time of execution of the Contract, but Defendant UCONN defends itself by insisting that Plaintiff has a duty remind Defendant UCONN about the payment.

12.     The aforementioned Contract also required Defendant UCONN to attempt to "secure research funding in order to build and test a prototype so that the invention may be licensed and commercialized", and Plaintiff would be compensated out of revenues produced by licensing and commercialization (at the third full paragraph of the Contract). Another condition subsequent and this second condition required the '207 Patent to be valid, not expired.

-3-

13. The aforementioned Contract for the '207 Patent was prepared by the Defendants so that the Defendants knew the obligation of paying the second maintenance fee for the '207 Patent on or before October 25, 2007

14. The Defendants, however, failed to pay the second maintenance fee for the '207 Patent on or before October 25, 2007, or a reasonable time thereafter, and the '207 Patent expired May 26, 2008 according to the records on the Patent Office web site.

15. When the Defendants learned of the expiration of the '207 Patent, Defendants failed to take the initiative to inform Plaintiff. Instead, Defendants secretly engaged  a patent attorney to file a Petition in the Patent Office to Accept Late payment to revive the '207 Patent on or about June 10, 2011, according to the Patent Office web site.

16. The Defendants' Petition to Accept Late Payment was denied on or about August 15, 2011, according to the Patent Office web site.

17. Plaintiff was unaware that the '207 Patent had expired due to Defendants failure to fulfill their obligation because he assumed that the Defendants were sincere and reliable entities, and understood the obligations of the Contract which was prepared by Defendants.

18. In December 2011, Plaintiff asked a friend employed at the Defendant UCONN the status of development and commercialization of the '207 Patent. The Plaintiff was shocked to discover that the Defendants failed the obligation to pay the second maintenance fee and the '207 Patent expired. In addition, apparently Defendants had done nothing to develop and/or commercialize the '207 Patent.

19. If Plaintiff had been informed of the failure of the Defendants to pay the maintenance fee for the '207 Patent, Plaintiff could have Petitioned the U.S. Patent and Trademark Office to revive the '207 Patent on the basis that it was no

-4-

1    fault of his own because he had relied on the Defendants to fulfill the condition

2    subsequent of timely paying the second maintenance fee.  That is, the failure to

3    pay the maintenance fee was not due to any intention by the Plaintiff, and it was

4    inadvertent because he did not reasonably expect the Defendants to fail their duty

5    under the Contract.

6    20.    Upon inquiring, Plaintiff had the terrible news confirmed by Defendant Center.

7    Plaintiff was further disappointed that Defendants did not even apologize, and

8    later denied any responsibility for the loss of the '207 Patent.

9    21.    As a result of the breach of the Contract, Plaintiff has lost all possibilities of

10    obtaining income from the '207 Patent.

11    22.    On information and belief, Plaintiff believes that the potential value of the '207

12    Patent was millions of dollars at the time Defendants lost it; however, it is

13    expected that an expert will be used to place a value on the potential value of the

14    '207 Patent.  The fact that Defendants expressed a strong interest in licensing and

15    commercializing the '207 Patent is evidence of the implied high value of the '207

16    Patent.

17    23.    Thus, Plaintiff has been seriously harmed by the loss of the '207 Patent due to the

18    lost opportunity to sell or license the '207 Patent.

19    **COUNT ONE**

20    24.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1-23.

21    25.    The Defendant UCONN caused Plaintiff to lose his Federal Rights in the '207

22    Patent due to a breach of a condition subsequent of the Contract, compounded by

23    the failure of the Defendant UCONN to inform Plaintiff to enable him to make a

24    timely Petition to revive the '207 Patent.

25    26.    On information and belief, the Defendant UCONN had a duty to inform the

26    Plaintiff that the maintenance fee had not been paid before the deadline of October

27

28    -5-

25, 2007 set by Defendant UCONN so that the '207 Patent would return to the Plaintiff and the Plaintiff could take steps to Petition for the '207 Patent to be revived.

27.     If the Defendant UCONN had acted reasonably and provided the Plaintiff with a timely notice of the failure to pay the maintenance fee at or before October 25, 2007, it is reasonably expected that the Plaintiff would be enjoying his Federal Rights under the '207 Patent because the U.S. Patent and Trademark Office would agree that the failure to pay the maintenance fee was not due to the Plaintiff.

## COUNT TWO

28.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1-23.

29.     On information and belief, Defendant UCONN failed to perform its obligation to develop a licensing and commercialization of the '207 Patent.

## COUNT THREE

30.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1-23.

31.     The Defendant Center caused Plaintiff to lose his Federal Rights in the '207 Patent due to a breach of conditions subsequent of the Contract, compounded by the failure of the Defendant Center to inform Plaintiff to enable him to make a timely Petition to revive the '207 Patent.

32.     On information and belief, the Defendant Center had a duty to inform the Plaintiff that the maintenance fee had not been paid so that the '207 Patent would return to the Plaintiff and the Plaintiff could take steps to Petition for the '207 Patent to be revived.

33.     If the Defendant Center had acted reasonably and provided the Plaintiff with a timely notice of the failure to pay the maintenance fee, it is reasonably expected that the Plaintiff would be enjoying his Federal Rights under the '207 Patent because the U.S. Patent and Trademark Office would agree that the failure to pay

-6-

1    the maintenance fee was not due to the Plaintiff.

2                                   **COUNT FOUR**

3    34.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1-23.

4    35.    On information and belief, Defendant Center failed to perform its obligation to

5           develop a licensing and commercialization of the '207 Patent.

-7-

1

## **DEMAND FOR A JURY TRIAL**

2    Plaintiff hereby demands a trial by jury for all claims properly heard by a jury.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

## **PRAYER FOR RELIEF**

3      WHEREFORE, the Plaintiff demands judgment and relief against the Defendants, and

4  respectfully ask that this Court find the following:

5      a.   A valid Contract existed between Plaintiff and Defendants.

6      b.   The Contract was prepared by the Defendants.

7      c.   The Contract was in the form of a conditional assignment requiring a payment of

8           the second maintenance fee for the '207 Patent on or before October 25, 2007.

9      d.   The Contract also required Defendants to endeavor to license and commercialize

10          the '207 Patent.

11     e.   Defendants caused Plaintiff to lose his Federal Rights in the '207 Patent by failing

12          to pay the second maintenance fee on or before October 25, 2007 or soon

13          thereafter, thereby resulting in the expiration of the '207 Patent.

14     f.   That the Defendants should have informed Plaintiff that the Defendants had

15          violated a condition subsequent in the Contract to pay the second maintenance fee

16          in a timely manner so that Plaintiff could file a Petition to Revive based on the

17          fact that he was not at fault, and it was not his intention.

18     g.   Defendants are liable for reasonable damages of the value of the '207 Patent due

19          to the failure of the Defendants to fulfill the condition subsequent to pay the

20          second maintenance fee of the '207 Patent in a timely manner.

21     h.   Defendants are liable for reasonable damages of lost profits due to the failure of

22          the Defendants to perform the obligation of endeavoring to license and to

23          commercialize the '207 Patent.

24     i.   Defendants withholding information about the expiration of the '207 Patent from

25          Plaintiff was fraud on the Plaintiff.

26     j.   Defendants breached the Contract and the Defendants are liable for the reasonable

27

28                                          -9-

1    loss of profits, and reasonable attorney fees and costs required to assert Plaintiff's

2    rights against the Defendants.

3    k.    Find that the conduct of the Defendants was egregious and sanctions are

4          appropriate to discourage such conduct in the future.

5    l.    Award such other and additional relief, at law or equity, as may be justified by the

6          facts and the law.

7                              Respectfully submitted,

8                              GEORGE W. BENEDETTI

9                              By his attorney

10

11

12                             David Fink
                               ct14059
13                             Fink & Johnson
                               7519 Apache Plume
14                             Houston, TX 77071
                               Tel. (713) 729-4991
15                             Fax. (713) 729-8408
                               texascowboy6@gmail.com
16

17

18

19

20

21

22

23

24

25

26

27

28                                    -10-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17  **EX. A**

18

19

20

21

22

23

24

25

26

27

28

# ASSIGNMENT

WHEREAS I, George W. Benedetti of 260 Wooding Hill Road, in the town of Bethany, in the county of New Haven and the State of Connecticut 06524-3130 (hereinafter "ASSIGNOR") have invented certain new and useful improvements in:

## Valve Cover and Its Related System

for which I filed an application for Letters Patent of the United States at my own expense on November 2, 1998, which issued as U.S. Patent Number 6,053,207 on April 25, 2000, and for which I am the sole owner of all right, title and interest;

WHEREAS THE UNIVERSITY OF CONNECTICUT, a public institution of higher education of the State of Connecticut, having a business address at 263 Farmington Avenue, Farmington, Connecticut 06030-6207 (hereinafter "UNIVERSITY"), and the ASSIGNOR have mutual interest in said invention being further developed, licensed, and commercialized;

WHEREAS ASSIGNOR desires to transfer and assign all right, title and interest in and to said Letters Patent to the UNIVERSITY, and the UNIVERSITY is willing to accept such transfer and assignment, so that the UNIVERSITY may attempt to secure research funding in order to build and test a prototype so that the invention may be licensed and commercialized, and the UNIVERSITY is willing to compensate the ASSIGNOR by providing him, if and only if the invention is successfully licensed and commercialized and results in net revenues to the UNIVERSITY, a portion of the Inventor's Personal Share of revenue according to the UNIVERSITY's policy for sharing invention-related income with its employee inventors; and

WHEREAS after the said Letters Patent is assigned to the UNIVERSITY, the UNIVERSITY shall assume responsibility for maintaining said Letters Patent beginning with payment of the second maintenance fee due before October 25, 2007;

NOW THEREFORE, TO ALL WHOM IT MAY CONCERN, be it known that, for good and sufficient consideration, the receipt and sufficiency of which is hereby acknowledged, I, the said ASSIGNOR have assigned and transferred, and by these presents do hereby assign and transfer unto the said UNIVERSITY, the entire right, title and interest in and to said invention in the United States, including priority rights, as fully set forth and described in said application; and I do hereby authorize and request the Commissioner of Patents to issue said Letters Patent on said application, and any and all Letters Patent that may be issued upon any and all revivals, refilings, continuations, continuations-in-part, divisions and reissues thereof, to the said UNIVERSITY, the assignee of the entire right, title and interest in and to the same, for the sole use and behoof of the UNIVERSITY, its successors and assigns; and that I agree that I will execute all papers necessary in

connection with the application for United States Letters Patent when called upon to do so by the said UNIVERSITY, its successors or assigns, and that I will, at the cost and expense of the said UNIVERSITY, fully assist and cooperate in all matters in connection with the application for United States Letters Patent and any patents issuing thereon.

The ASSIGNOR declares that all statements made herein of his own knowledge are true, and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issuing thereon.

Date: _8/10/07_                    _____ L.S.
                                    George W. Benedetti


STATE OF _Connecticut_____ )
                                      ) SS:
COUNTY OF _New Haven_____ )


On this _10_ day of _August_, 2007, before me personally appeared George W. Benedetti to me known to be the person named in and who executed the above instrument, and acknowledged to me that he executed the same for the uses and purposes therein set forth.


S E A L                    _____
                           Notary Public

                           My commission expires: _My Commission Expires May 31, 2008_



AGREED and ACCEPTED for UNIVERSITY by:

Date: _8/15/07_                    _____ L.S.
                                    Michael F. Newborg
                                    Executive Director
                                    Center for Science and
                                    Technology Commercialization

2